Mr. James C. Brady 501 Northeast 8th Street Fort Lauderdale, Florida 33304
Dear Mr. Brady:
On behalf of the Mayor and City Commission of the City of Lauderdale Lakes, you ask substantially the following question:
May the City of Lauderdale Lakes, pursuant to sections 166.021(4) and100.3605, Florida Statutes, amend its city charter by ordinance to move the dates of city elections from March to November to coincide with federal, state, and county elections, and to extend the terms of the sitting commissioners to November, when the existing charter was last amended in January 1998?
You refer to Attorney General Opinion 00-61, in which this office concluded that a city could amend its charter by ordinance to move the dates of city elections from April to November to coincide with federal, state, and county elections, and to extend the terms of the sitting commissioners to November. You state, however, that you are not sure whether the charter under consideration was adopted before or after the effective date of the Municipal Home Rule Powers Act, Chapter 166, Florida Statutes.
Section 166.031, Florida Statutes, sets forth the procedures to be observed in amending municipal charters, including a requirement that a proposed amendment shall be subject to approval by referendum of the voters. For charters adopted prior to July 1, 1973, and not subsequently readopted, section 166.021, Florida Statutes, repealed or changed into ordinances many of the limitations contained in such charters. Subsection (4) of the statute, however, provided that nothing in Chapter 166, Florida Statutes, the Municipal Home Rule Powers Act, was to be construed as permitting any changes in a special law or municipal charter that affect certain subject matters set forth therein, including "the terms of elected officers," without referendum approval as provided in section166.031, Florida Statutes.
Thus, for charters adopted after July 1, 1973, and for charter provisions relating to the terms of elected officers adopted prior to that date and not subsequently readopted, any amendment of those provisions would be subject to the procedures in section 166.031, Florida Statutes. Accordingly, this office concluded in Attorney General Opinion 94-31 that the city commission of the City of Tallahassee could not amend its charter by ordinance to provide for a change in the date on which municipal elections will occur and extend the terms of the sitting officers affected by the change.
During the 1995 legislative session, however, legislation was introduced to amend section 166.021, Florida Statutes. Section 1 of Chapter 95-178, Laws of Florida, amended section 166.021(4) to read in pertinent part:
"However, nothing in this act shall be construed to permit any changes in a special law or municipal charter which affect . . . the terms of elected officers and the manner of their election except for theselection of election dates and qualifying periods for candidates and forchanges in terms of office necessitated by such changes in electiondates, . . . without approval by referendum of the electors as provided in s. 166.031 . . ." (e.s.)
In addition, Chapter 95-178, supra, created section 100.3605, Florida Statutes, relating to the conduct of municipal elections.[1] Subsection (2) of section 100.3605 provides:
"The governing body of a municipality may, by ordinance, change the dates for qualifying and for the election of members of the governing body of the municipality and provide for the orderly transition of office resulting from such date changes."[2]
Accordingly, this office in Attorney General Opinion 00-61 concluded that a city may amend its city charter by ordinance to move the dates of city elections from April to November to coincide with federal, state, and county elections, and to extend the terms of the sitting commissioners to November.[3]
Thus, as noted above, prior to the 1995 amendment to section 166.021(4), Florida Statutes, and the creation of section 100.3065, Florida Statutes, a change in the charter prescribing the qualifying and election dates for municipal officers, and the resulting change in the term of office for sitting officers, required amendment according to the provisions of section 166.031, Florida Statutes, regardless of when such provisions were adopted. The legislative history of the 1995 legislation amending section 166.021(4) and creating section 100.3065, however, indicates an intent that municipalities are authorized to amend their charters, whether those charters were adopted before or after July 1, 1973, to change the election dates and qualifying periods for candidates, including any changes in terms of office necessitated by such amendment, without a referendum.
Accordingly, I am of the opinion that the City of Lauderdale Lakes, pursuant to sections 166.021(4) and 100.3605, Florida Statutes, may amend its city charter by ordinance to move the dates of city elections from March to November to coincide with federal, state, and county elections, and to extend the terms of the sitting commissioners to November, when the existing charter was last amended in January 1998.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] Section 2, Ch. 95-178, Laws of Florida.
[2] See, House of Representatives Committee on Ethics and Elections Final Bill Analysis Economic Impact Statement on HB 2209 (passed by the Legislature as Ch. 95-178, Laws of Florida), dated May 10, 1995, stating:
"HB 2209 authorizes amendment of a municipal charter or special act without referendum for the purpose of changing municipal election dates and qualifying periods for candidates and for the adjustment of terms of office necessitated by such date changes . . ."
And see, the title for Ch. 95-178, Laws of Florida, stating in pertinent part:
"An act relating to municipal elections; amending s. 166.021, F.S.; authorizing amendment of a special law or municipal charter for the purpose of changing election dates and qualifying periods for candidates, including any changes in terms of office necessitated thereby, without referendum; creating s. 100.3605, F.S.; . . . providing for change of qualifying periods and election dates by ordinance and for the orderly transition of office; providing an effective date."
[3] Compare, Op. Att'y Gen. Fla. 01-81 (2001), in which this office was asked whether the exception afforded by ss. 166.021(4) and 100.3065, Fla. Stat., applied to a change in the dates of the qualifying period as well as the terms of office for council members from two years to three years. This office noted that in Op. Att'y Gen. Fla. 00-61 (2000), only the sitting officers' terms were extended due to the change in the date of the election; the term of office of future officers, however, remained the same; however, in Op. Att'y Gen. Fla. 01-81 (2001), the city was interested in changing the term of office for future council members. This office concluded that the change in term of city council members from two years to three years did not fall within the exception recognized in ss. 166.021(4) and 100.3605; thus, such a change would have to be submitted to the voters for approval.